Exhibit A

William Turley, Esq. (122408)
David Mara, Esq. (230498)
Jamie Serb, Esq. (289601)
Tony Roberts, Esq. (315595)
Alexandra Shipman, Esq. (314883)
THE TURLEY & MARA LAW FIRM, APLC
7428 Trade Street
San Diego, California 92121
Telephone: (619) 234-2833
Facsimile: (619) 234-4048

Attorneys for ALLAN ORTEGA, on behalf of himself,
all others similarly situated, and on behalf of the general public.

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| ALLAN ORTEGA on behalf of himself, all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>WATKINS AND SHEPARD TRUCKING, INC.; and DOES 1-100,<br><br>DEFENDANTS. | Case No.   CIVDS1826457<br><br>PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND RESTITUTION<br><br>1) Failure to Pay All Straight Time Wages;<br>2) Failure to Pay All Overtime Wages;<br>3) Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512, IWC Wage Order No. 9-2001(11); Cal. Code Regs., tit. 8 § 11090);<br>4) Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 9-2001(12); Cal. Code Regs. Title 8 § 11090);<br>5) Failure to Authorize and Permit Recovery Periods (Lab. Code § 226.7; Cal. Code Regs. Title 8 § 3395);<br>6) Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175);<br>7) Failure to Pay All Wages Due at the Time of Termination of Employment (Lab. Code §§201-203);<br>8) Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.).<br>9) Failure to Provide a Copy of Personnel Records Within 30 Days of Receiving Personnel File Requests from Employees (Lab. Code §1198.5.)<br><br>DEMAND FOR JURY TRIAL |

CLASS ACTION COMPLAINT       1

Exhibit A

Exhibit A

Plaintiff ALLAN ORTEGA, on behalf of himself, all others similarly situated, and on behalf of the general public, complains of DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC. and/or DOES and for causes of action and alleges:

1.      This is a class action pursuant to California Code of Civil Procedure section 382 on behalf of Plaintiff, ALLAN ORTEGA, and all non-exempt, hourly warehouse workers, lead warehouse workers, forklift operators, freight handlers, loaders, unloaders, or similar job designations who are presently or formerly employed by WATKINS AND SHEPARD TRUCKING, INC. and/or DOES and/or their subsidiaries or affiliated companies and/or predecessors within the State of California.

2.      At all times mentioned herein, WATKINS AND SHEPARD TRUCKING, INC. and/or DOES own and operate trucks, industrial trucks, industrial vehicles, and/or industrial work sites. At all times during the liability period, WATKINS AND SHEPARD TRUCKING, INC. and/or DOES have conducted business in SAN BERNARDINO County and elsewhere within California.

3.      At all times mentioned herein, WATKINS AND SHEPARD TRUCKING, INC. and/or subsidiaries or affiliated companies and/or DOES, within the State of California, have, among other things, employed current and former non-exempt employees with job titles including, warehouse workers, lead warehouse workers, forklift operators, freight handlers, loaders, and unloaders (hereinafter "non-exempt employees").

4.      At all times mentioned herein, the common policies and practices of WATKINS AND SHEPARD TRUCKING, INC. and/or DOES were a direct cause of DEFENDANT'S and/or DOES' failure to comply with California's wage and hours laws, Wage Orders, and/or the California Labor Code, as set forth more fully within.

5.      For at least four (4) years prior to the filing of this action and through to the present, DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC. and/or DOES have had a consistent policy and/or practice of not paying Plaintiff and its Non-Exempt Employees for all of the hours they worked.

Exhibit A

Exhibit A

6. For at least four (4) years prior to the filing of this action and through to the present, DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC. and/or DOES have had a continuous and widespread policy of not paying Plaintiff and those similarly situated for all hours they worked, including before clocking in for their work shift, after clocking out for their work shift, and during unpaid meal periods. Further, DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC. and/or DOES have had a continuous and widespread policy to shave the time Plaintiff and those similarly situated worked (referred to as "time shaving").

7. For at least four (4) years prior to the filing of this action and through to the present, DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC. and/or DOES have had a continuous and widespread policy of "clocking-out" Plaintiff and those similarly situated for thirty (30) minute meal periods, even though Plaintiff and those similarly situated were suffered and/or permitted to work during these deduction periods, thereby deducting thirty (30) minutes of paid time, including straight time and overtime.

8. For at least four (4) years prior to the filing of this action and through to the present, DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC. and/or DOES have had a consistent policy and/or practice of failing to provide all straight time and overtime wages owed to Non-Exempt Employees, as mandated under the California Labor Code and the implementing rules and regulations of the Industrial Welfare Commission's ("IWC") California Wage Orders.

9. For at least four (4) years prior to the filing of this action and through to the present, DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC. and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work through meal periods and work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws, and

Exhibit A

Exhibit A

automatically deducting a half hours pay from their wages.

10. For at least four (4) years prior to filing of this action and through the present, DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC. and/or DOES did not have a policy of allowing its hourly employees working shifts of ten (10) or more hours in a day to take a second meal period of not less than thirty (30) minutes as required by the applicable Wage Order of the IWC.

11. For at least four (4) years prior to the filing of this action and through to the present, DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC. and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work over ten (10) hours without providing an additional, uninterrupted meal period of thirty (30) minutes and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws.

12. For at least four (4) years prior to the filing of this action and through to the present, DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC. and/or DOES have had a consistent policy and/or practice of requiring its Non-Exempt Employees within the State of California, including Plaintiff, to work for over four hours, or a major fraction thereof, without a 10 minute rest period, and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provide, or other compensation, as required by California's state wage and hour laws.

13. For at least four (4) years prior to the filing of this action and through to the present, DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC. and/or DOES have had a consistent policy and/or practice of failing to provide Plaintiff and its Non-Exempt Employees with cool down recovery periods in accordance with California Code of Regulations, Title 8, section 3395.

14. For at least four (4) years prior to the filing of this action and through to the present,

CLASS ACTION COMPLAINT                    4

Exhibit A

Exhibit A

DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC. and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to provide to Plaintiff and its Non-Exempt Employees, accurate itemized employee wage statements.

15. For at least four (4) years prior to the filing of this action and through to the present, DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC. and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to timely pay wages owed to Plaintiff and those Non-Exempt Employees who left DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC. and/or DOES employ or who were terminated.

16. For at least four (4) years prior to the filing of this action and through to the present, WATKINS AND SHEPARD TRUCKING, INC. and/or DOES failed to lawfully pay Plaintiff and those similarly situated all the wages they are owed, engaged in false, unfair, fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, et seq.

17. Throughout the statutory period, WATKINS AND SHEPARD TRUCKING, INC.'S and/or DOES' employees, including Plaintiff and similarly situated Non-Exempt Employees, were not provided all straight time and overtime wages owed, meal periods and rest periods, or compensation in lieu thereof, as mandated under the California Labor Code, and the implementing rules and regulations of the Industrial Welfare Commissions ("IWC") California Wage Orders.

18. Throughout the statutory period, WATKINS AND SHEPARD TRUCKING, INC. and/or DOES employees, including Plaintiff and similarly situated Non-Exempt Employees were not provided with accurate and itemized employee wage statements.

19. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES failed to comply with Labor Code section 226, subdivision (a), by itemizing in wage statements all hourly compensation and accurately reporting total hours worked by Plaintiff and the members of

Exhibit A

Exhibit A

the proposed class. Plaintiff and members of the proposed class are entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(b).

20. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES failed to comply with Lab. Code §1198.5 by failing to provide a copy of personnel records within 30 days of the filing of personnel file requests.

21. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES have failed to comply with IWC Wage Order 9-2001(7) by failing to maintain accurate time records showing hourly compensation, when the employee begins and ends each work day and total daily hours worked by itemizing in wage statements and accurately reporting total hours worked by Plaintiff and members of the proposed class.

22. WATKINS AND SHEPARD TRUCKING, INC.'s and/or DOES' failure to retain accurate records of total hours worked by Plaintiff and the proposed class was willful and deliberate, was a continuous breach of WATKINS AND SHEPARD TRUCKING, INC.'s and/or DOES' duty owed to Plaintiff and the proposed class.

23. Throughout the statutory period, WATKINS AND SHEPARD TRUCKING, INC.'S and/or DOES' employees, including Plaintiff and similarly situated Non-Exempt Employees, were not timely paid all wages owed to them at the time of termination.

24. DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC. and/or DOES are and were aware that Plaintiff and members of the proposed class were not paid all straight time and overtime wages owed, nor provided meal and rest periods. DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC.'S and/or DOES' denial of wages and other compensation due to Plaintiff and members of the proposed class was willful and deliberate.

25. DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC. and/or DOES, each and collectively, controlled the wages, hours, and working conditions of Plaintiff and the proposed class, creating a joint-employer relationship over Plaintiff and the proposed class.

26. Plaintiff ALLAN ORTEGA, on behalf of himself and all of WATKINS AND SHEPARD

Exhibit A

Exhibit A

TRUCKING, INC.'S and/or DOES' Non-Exempt Employees, brings this action pursuant to California Labor Code sections 226, subd. (b), 226.7. 510, 512, 515, 558, 1194, 1198.5, and California Code of Regulations, Title 8, sections 11090 and 3395, seeking unpaid wages, overtime, meal and rest period compensation, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

27. Plaintiff ALLAN ORTEGA, on behalf of himself and all putative Class members made up of WATKINS AND SHEPARD TRUCKING, INC.'S and/or DOES' non-exempt employees, pursuant to California Business and Professions Code sections 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits WATKINS AND SHEPARD TRUCKING, INC. and/or DOES enjoyed from their failure to pay all straight time wages, overtime wages, and meal and rest period compensation.

## I.   VENUE

28. Venue as to each DEFENDANT, WATKINS AND SHEPARD TRUCKING, INC. and/or DOES, is proper in this judicial district, pursuant to Code of Civil Procedure section 395. DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC. and/or DOES conduct business and commit Labor Code violations within SAN BERNARDINO County, and each DEFENDANT and/or DOE is within California for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within SAN BERNARDINO County. DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC. and/or DOES employ numerous Class members who work in SAN BERNARDINO County, in California.

## II.   PARTIES

### A.   Plaintiffs.

29. At all relevant times, herein, Plaintiff ALLAN ORTEGA is and was a resident of California. At all relevant times, herein, he was employed by DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC. and/or DOES within the last four (4) years as a non-exempt warehouse worker in California.

CLASS ACTION COMPLAINT                    7.

Exhibit A

Exhibit A

30. On information and belief, Plaintiff and all other members of the proposed class experienced DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC.'S and/or DOES' common company policies of failing to pay all straight time and overtime wages owed.

31. On information and belief, Plaintiff and all other members of the proposed class experienced DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC.'S and/or DOES' common company policies of illegally deducting wages from employees for meal periods during which they were performing work.

32. On information and belief, Plaintiff and all other members of the proposed class experienced DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC.'S and/or DOES' common company policies and/or practices of failing to pay all straight time and overtime wages owed, and failing to provide compliant meal periods to employees before the end of their fifth hour of work or a second meal period before the end of the tenth hour or work, or compensation in lieu thereof.

33. On information and belief, Plaintiff and all other members of the proposed class experienced DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC.'S and/or DOES' common company policies of failing to provide ten (10) minute paid rest breaks to employees whom worked four (4) hours or major fractions thereof.

34. On information and belief, Plaintiff and all other members of the proposed class experienced DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC.'S and/or DOES' common company policies of failing to provide cool down recovery periods.

35. On information and belief, Plaintiff and all other members of the proposed class experienced DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC.'S and/or DOES' common company policies of failing to provide Non-Exempt Employees with accurate itemized wage statements. On information and belief, DEFENDANTS and/or DOES failure to provide to their Non-Exempt Employees, including Plaintiff, with accurate itemized wage statements was willful.

Exhibit A

Exhibit A

36. On information and belief, Plaintiff and all other members of the proposed class experienced DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC.'S and/or DOES' common company policies of failing to timely compensate Non-Exempt Employees all wages owed upon termination. On information and belief, DEFENDANT'S and/or DOES' failure to pay, in a timely manner, compensation owed to Non-Exempt Employees, including Plaintiff, upon termination of their employment with WATKINS AND SHEPARD TRUCKING, INC. and/or DOES was willful.

37. On information and belief, Plaintiff and all other members of the proposed class experienced DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC.'S and/or DOES' fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, et seq.

38. On information and belief, Plaintiff and all other members of the proposed class experienced DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC.'S and/or DOES' failure to provide personnel records within thirty (30) days of filing a request for personnel records.

39. Plaintiff and the proposed class are covered by, inter alia, California IWC Occupational Wage Order No. 9-2001, and Title 8, California Code of Regulations, §§ 11090 and 3395.

**B.    DEFENDANTS.**

40. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES own and operate trucks, industrial trucks, industrial vehicles, and/or industrial work sites, and, at all times during the liability period, have conducted business in SAN BERNARDINO County and elsewhere within California. At these work sites and throughout California, DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC. and/or DOES have, among other things, employed persons as warehouse workers, lead warehouse workers, forklift operators, freight handlers, loaders, unloaders, or other similar job designations.

41. WATKINS AND SHEPARD TRUCKING, INC. claims to be, "a pioneer in logistics planning, technology implementation and asset utilization that is the foundation of our

Exhibit A

Exhibit A

business model today." WATKINS AND SHEPARD TRUCKING, INC., HTTP://WWW. HTTP://WKSH.COM/, (LAST VISITED OCTOBER 4, 2018).

42. "[W]e are one of the nation's leading final-mile-delivery provider of LTL, truckload and logistics for home furnishings and over-dimensional goods serving traditional and omnichannel retailer." *Id.*

43. However, Defendant fails to properly care for its employees by failing to pay all time worked. Without money to feed their families and pay their bills, WATKINS AND SHEPARD TRUCKING, INC's employees cannot grow personally or reach their own success.

44. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES employed Plaintiff and members of the proposed Class throughout the statutory liability period as non-exempt warehouse workers, lead warehouse workers, forklift operators, freight handlers, loaders, unloaders, and/or other similar job designations. On information and belief, WATKINS AND SHEPARD TRUCKING, INC. and/or DOES employed Plaintiff and members of the proposed Class on an hourly basis within California. On information and belief, WATKINS AND SHEPARD TRUCKING, INC. and/or DOES exercised control over the wages, hours, and/or working conditions of Plaintiff and members of the proposed class.

45. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES principal place of business is in the State of California.

46. The true names and capacities, whether individual, corporate, associate, or otherwise, of DEFENDANTS DOES 1-100, inclusive, are presently unknown to Plaintiff, who therefore sues these DEFENDANTS by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the DEFENDANTS designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the DEFENDANTS designated hereinafter as DOES when such identities become known.

Exhibit A

Exhibit A

47. Plaintiff is informed and believes, and based thereon alleges, that each DEFENDANT and/or DOE acted in all respects pertinent to this action as the agent of the other DEFENDANTS and/or DOES, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each DEFENDANT and/or DOES are legally attributable to the other DEFENDANTS and/or DOES.

## III. CLASS ACTION ALLEGATIONS

48. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to section 382 of the California Code of Civil Procedure. Plaintiff seeks to represent a Class composed of and defined as follows:

> All persons who are employed or have been employed by DEFENDANTS in the State of California as hourly, Non-Exempt warehouse workers, lead warehouse workers, forklift operators, freight handlers, loaders, unloaders, and/or other similar job designations and titles during the period of the relevant statute of limitations.

Plaintiff also seeks to represent subclasses composed of and defined as follows:

> All persons who are or have been employed by WATKINS AND SHEPARD TRUCKING, INC. and/or DOES in the State of California as warehouse workers, lead warehouse workers, forklift operators, freight handlers, loaders, unloaders, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of five (5) hours.

Exhibit A

Exhibit A

All persons who are or have been employed by WATKINS AND SHEPARD TRUCKING, INC. and/or DOES in the State of California as warehouse workers, lead warehouse workers, forklift operators, freight handlers, loaders, unloaders, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of six (6) hours.

All persons who are or have been employed by WATKINS AND SHEPARD TRUCKING, INC. and/or DOES in the State of · California as warehouse workers, lead warehouse workers, forklift operators, freight handlers, loaders, unloaders, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of ten (10) hours.

All persons who are or have been employed by WATKINS AND SHEPARD TRUCKING, INC. and/or DOES in the State of California as warehouse workers, lead warehouse workers, forklift operators, freight handlers, loaders, unloaders, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of twelve (12) hours.

All persons who are or have been employed by WATKINS AND SHEPARD TRUCKING, INC. and/or DOES in the State of California as warehouse workers, lead warehouse workers, forklift

Exhibit A

Exhibit A

operators, freight handlers, loaders, unloaders, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of two (2) hours.

All persons who are or have been employed by WATKINS AND SHEPARD TRUCKING, INC. and/or DOES in the State of California as warehouse workers, lead warehouse workers, forklift operators, freight handlers, loaders, unloaders, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of three (3) hour and one-half hours, but less than or equal to six (6) hours.

All persons who are or have been employed by WATKINS AND SHEPARD TRUCKING, INC. and/or DOES in the State of California as warehouse workers, lead warehouse workers, forklift operators, freight handlers, loaders, unloaders, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of six (6) hours, but less than or equal to ten (10) hours.

All persons who are or have been employed by WATKINS AND SHEPARD TRUCKING, INC. and/or DOES in the State of California as warehouse workers, lead warehouse workers, forklift operators, freight handlers, loaders, unloaders, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of ten

CLASS ACTION COMPLAINT                13

Exhibit A

Exhibit A

(10) hours.

All persons who are or have been employed by WATKINS AND SHEPARD TRUCKING, INC. and/or DOES in the State of California as warehouse workers, lead warehouse workers, forklift operators, freight handlers, loaders, unloaders, and/or other similar job designations and titles during the period of the relevant statute of limitations, who separated their employment from DEFENDANTS.

All persons who are or have been employed by WATKINS AND SHEPARD TRUCKING, INC. and/or DOES in the State of California as warehouse workers, lead warehouse workers, forklift operators, freight handlers, loaders, unloaders, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one (1) or more shifts in which they received a wage statement for the corresponding pay period.

All persons who are or have been employed by WATKINS AND SHEPARD TRUCKING, INC. and/or DOES in the State of California as warehouse workers, lead warehouse workers, forklift operators, freight handlers, loaders, unloaders, and/or other similar job designations and titles during the period of the relevant statute of limitations, who were deducted wages for meal periods.

49.    Plaintiff reserves the right under rule 1855, subdivision (b), California Rules of Court, to amend or modify the Class description with greater specificity or further division into

Exhibit A

Exhibit A

subclasses or limitation to particular issues.

50.     This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A.     **Numerosity.**

51.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class members has not been determined at this time, Plaintiff is informed and believes that WATKINS AND SHEPARD TRUCKING, INC. and/or DOES currently employ, and during the liability period employed, over fifty (50) employees, non-exempt employees that are warehouse workers, lead warehouse workers, forklift operators, freight handlers, loaders, unloaders, and/or other similar job designations and titles in SAN BERNARDINO County and dispersed throughout California during the liability period and who are or have been affected by WATKINS AND SHEPARD TRUCKING, INC.'S and/or DOES' policies of wage theft, failure to pay all straight and overtime wages owed, failure to provide meal and/or rest periods without the appropriate legal compensation, willful failure to pay all wages due at time of separation from employment, failure to provide recovery periods, failure to timely pay waiting time monies, failure to provide personnel records upon request, and knowing and intentional failure to provide accurate and itemized employee wage statements.

52.     Accounting for employee turnover during the relevant periods increases this number substantially. Upon information and belief, Plaintiff alleges WATKINS AND SHEPARD TRUCKING, INC.'S and/or DOES' employment records will provide information as to the number and location of all Class members. Joinder of all members of the proposed Class is not practicable.

///

Exhibit A

Exhibit A

**B.**     Commonality.

53.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

(1)     Whether WATKINS AND SHEPARD TRUCKING, INC. and/or DOES violated the Labor Code and/or applicable IWC Wage Orders in failing to pay its non-exempt workers all earned wages at the regular rate for all hours worked.

(2)     Whether WATKINS AND SHEPARD TRUCKING, INC.'s and/or DOES' uniform policies and/or practices whereby non-exempt workers were pressured and/or incentivized to forego taking meal and/or rest periods.

(3)     Whether WATKINS AND SHEPARD TRUCKING, INC. and/or DOES violated Labor Code section 226.7, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and/or California Code of Regulations, Title 8, section 11090, by failing to authorize, permit, and/or provide rest periods to its hourly, non-exempt employees for every four (4) hours or major fraction thereof worked and/or failing to pay said employees one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

(4)     Whether WATKINS AND SHEPARD TRUCKING, INC. and/or DOES violated Labor Code section 226.7 and/or California Code of Regulations, Title 8, section 3395, by failing to authorize, permit, and/or provide recovery periods to its hourly, non-exempt employees in accordance with section 3395.

(5)     Whether WATKINS AND SHEPARD TRUCKING, INC. and/or DOES willfully failed to pay, in a timely manner, wages owed to

CLASS ACTION COMPLAINT                        16

Exhibit A

Exhibit A

members of the proposed Class who left WATKINS AND SHEPARD TRUCKING, INC.'s and/or DOES' employ or who were terminated.

(6)    Whether WATKINS AND SHEPARD TRUCKING, INC. and/or DOES violated Labor Code section 203, which provides for the assessment of a penalty against the employer, by willfully failing to timely pay all wages owed to employees who left WATKINS AND SHEPARD TRUCKING, INC.'s and/or DOES' employ or who were terminated.

(7)    Whether WATKINS AND SHEPARD TRUCKING, INC. and/or DOES had uniform policies and/or practices of failing to provide employees accurate and itemized wage statements.

(8)    Whether WATKINS AND SHEPARD TRUCKING, INC. and/or DOES had uniform policies and/or practices of failing to provide personnel file upon request.

(9)    Whether WATKINS AND SHEPARD TRUCKING, INC. and/or DOES had uniform policies and/or practices of failing to timely pay all wages owed to employees who left WATKINS AND SHEPARD TRUCKING, INC.'s and/or DOES' employ or who were terminated.

54.    The answer to each of these respective questions will generate a common answer capable of resolving class-wide liability in one stroke.

55.    Said common questions predominate over any individualized issues and/or questions affecting only individual members.

C.    Typicality.

56.    The claims of the named Plaintiff are typical of the claims of the proposed class. Plaintiff and all members of the proposed class sustained injuries and damages arising out of and caused by WATKINS AND SHEPARD TRUCKING, INC.'S and/or DOES' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged.

CLASS ACTION COMPLAINT                    17

Exhibit A

Exhibit A

57.    Plaintiff ALLAN ORTEGA was subjected to the same uniform policies and/or practices complained of herein that affected all such employees. Thus, as ALLAN ORTEGA was subjected to the same unlawful policies and practices as all hourly non-exempt employees, his claims are typical of the class he seeks to represent.

**D.    Adequacy of Representation.**

58.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.

59.    Plaintiff is ready and willing to take the time necessary to help litigate this case.

60.    Plaintiff has no conflicts that will disallow him to fairly and adequately represent and protect the interests of the members of the Class.

61.    Counsel who represent Plaintiff are competent and experienced in litigating large employment class actions.

62.    Specifically, William Turley, Esq., David Mara, Esq., Jamie Serb, Esq., and Tony Roberts, Esq., and Alexandra Shipman, Esq. are California lawyers in good standing.

63.    Mr. Turley regularly lectures lawyers on wage and hour class action issues. He has been a featured speaker on many ACI Wage and Hour Class Action presentations and Consumer Attorney of California Wage and Hour Class Action presentations.

64.    Mr. Turley is listed as Amicus counsel on over 20 California Supreme Court decisions.

65.    Mr. Turley and Mr. Mara wrote winning amicus briefs in two very worker friendly California Supreme Court cases: *Augustus v. ABM Security Servs.* (2016) 2 Cal.5th 257 and *Williams v. Superior Court* (decided July 13, 2017).

66.    Mr. Turley is a Past President of Consumer Attorneys of San Diego and has been elected to the Board of Governors of the Consumer Attorneys of California for over 15 years. Mr. Turley is currently on and has been a member of the Consumer Attorneys of California Amicus Curie Committee for over 20 years.

67.    Mr. Turley has had over 100 legal articles published, including some on California Labor Code.

Exhibit A

68. Mr. Turley and Mr. Mara were appointed class counsel in the landmark California Supreme Court case, Brinker v. Superior Court and have been appointed as class counsel in many California wage and hour cases, in both State Court and Federal Court.

69. Mr. Turley testified before the California Senate in a committee hearing on September 3, 2015, regarding the new piece-rate bill, California Labor Code § 226.2.

70. On April 12, 2016 and April 20, 2016, Mr. Turley testified in front of the California Senate regarding an amendment to California Labor Code §§ 2698, *et seq*, the "Private Attorneys General Act" or "PAGA." Furthermore, Mr. Turley also participated in drafting the new amendment to PAGA.

71. The Turley & Mara Law Firm, APLC have the resources to take this case to trial and judgment, if necessary.

72. Mr. Turley and Mr. Mara have the experience, ability, and ways and means to vigorously prosecute this case.

**E.    Superiority of Class Action.**

73. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of WATKINS AND SHEPARD TRUCKING, INC.'S and/or DOES' illegal policies and/or practices of failing to pay all straight time and overtime wages owed, failing to permit or authorize rest periods, failing to provide recovery periods, failing to provide meal periods, failing to provide personnel records, knowingly and intentionally failing to comply with wage statement requirements, and failing to pay all wages due at termination.

74. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

Exhibit A

75. Because such common questions predominate over any individualized issues and/or questions affecting only individual members, class resolution is superior to other methods for fair and efficient adjudication.

IV. **CAUSES OF ACTION**
**FIRST CAUSE OF ACTION AGAINST WATKINS AND SHEPARD TRUCKING, INC. AND/OR DOES: Failure to Pay All Straight Time Wages**

76. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

77. DEFENDANTS and/or DOES have had a continuous policy of not paying Plaintiff and those similarly situated for all hours worked.

78. It is fundamental that an employer must pay its employees for all time worked. California Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages. Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section 223 prohibits the pay of less than a statutory or contractual wage scale. Labor Code section 1197 prohibits the payment of less than the minimum wage. Labor Code section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

79. Plaintiff and those similarly situated Class members were employed by WATKINS AND SHEPARD TRUCKING, INC. and/or DOES at all relevant times. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES were required to compensate Plaintiff for all hours worked and were prohibited from making deductions that had the effect of reducing the agreed upon wage.

80. DEFENDANTS and/or DOES have had a continuous policy of not paying Plaintiff and those similarly situated for all hours worked. Specifically, DEFENDANTS and/or DOES have not paid for all time employees worked throughout the day. Including, but not limited to rounding, before "shifts" start, after "shifts" end, and/or any other time in the day when

Exhibit A

Exhibit A

the employees were performing work tasks, subject to the control of employer and/or otherwise had work duties.

81.    DEFENDANTS and/or DOES have a continuous and consistent policy of clocking-out Plaintiff and those similarly situated for a thirty (30) minute meal period, even though Plaintiff and all members of the Class work through their meal periods. Thus, WATKINS AND SHEPARD TRUCKING, INC. and/or DOES do not pay Plaintiff and each and every member of the Class for all time worked each and every day they work without a meal period and have time deducted.

82.    Plaintiff and those similarly situated Class members are informed and believe and thereon allege that WATKINS AND SHEPARD TRUCKING, INC. and/or DOES breached the legal duty to pay full wages to Plaintiff by deducting a portion of the wages earned when Plaintiff's and the Class members' actual time records indicate that a meal period was not taken. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES did not make reasonable efforts to determine whether the time deducted was actually worked as reported by Plaintiff and Class members. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES, without a reasonable basis, presumed that actual reported hours had not been accurately reported. The conduct complained of is a form of what is sometimes called "dinging," "shaving," or "scrubbing" and is prohibited by law.

83.    DEFENDANTS and/or DOES have a continuous and consistent policy of not paying Plaintiff and those similarly situated for all time worked, including before Plaintiff and those similarly situated clock in for work shifts and after they clock out after work shifts.

84.    DEFENDANTS and/or DOES have a continuous and consistent policy of shaving the time Plaintiff and those similarly situated work (referred to as "time shaving").

85.    Thus, WATKINS AND SHEPARD TRUCKING, INC. and/or DOES shave/steal earned wages from Plaintiff and each and every member of the Class each and every day they work. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES have not paid Plaintiff and the members of the Class all straight time wages owed.

Exhibit A

Exhibit A

86. Plaintiff and the Class members are informed and believe and thereon allege that as a direct result of DEFENDANT'S and/or DOES' uniform policies and/or practices, Plaintiff and the Class members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees in seeking to compel WATKINS AND SHEPARD TRUCKING, INC. and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts, according to proof at trial.

87. As a direct result of WATKINS AND SHEPARD TRUCKING, INC.'s and/or DOES' policy of illegal wage theft, Plaintiff and those similarly situated have been damaged in an amount to be proven at trial.

88. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**SECOND CAUSE OF ACTION AGAINST WATKINS AND SHEPARD TRUCKING, INC. AND/OR DOES: Failure to Pay All Overtime Wages**

89. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

90. It is fundamental that an employer must pay its employees for all time worked. California Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages. Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section 223 prohibits the pay of less than a statutory or contractual wage scale. Labor Code section 1197 prohibits the payment of less than the minimum wage. Labor Code section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

91. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES failed to pay overtime when employees worked over eight (8) hours per day and when employees worked over forty (40) hours per week.

CLASS ACTION COMPLAINT    22

Exhibit A

Exhibit A

92. Plaintiff and those similarly situated Class members were employed by WATKINS AND SHEPARD TRUCKING, INC. and/or DOES at all relevant times. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES were required to compensate Plaintiff for all overtime hours worked and were prohibited from making deductions that had the effect of reducing the agreed upon wage.

93. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES failed to pay for the overtime that was due, pursuant to IWC Wage Order No. 9-2001, item 3(A).

94. DEFENDANTS and/or DOES have had a continuous policy of not paying Plaintiff and those similarly situated for all hours worked. Specifically, DEFENDANTS and/or DOES have not paid for all time employees worked throughout the day. Including, but not limited to rounding, before "shifts" start, after "shifts" end, and/or any other time in the day when the employees were performing work tasks, subject to the control of employer and/or otherwise had work duties.

95. Plaintiff and the Class members are informed and believe and thereon allege that as a direct result of DEFENDANT'S and/or DOES' uniform policies and/or practices, Plaintiff and the Class members have suffered, and continue to suffer, substantial unpaid overtime wages, and lost interest on such overtime wages, and expenses and attorneys' fees in seeking to compel WATKINS AND SHEPARD TRUCKING, INC. and/or DOES to fully perform their obligations under state law; all to their respective damage in amounts according to proof at time of trial. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES committed the acts alleged herein knowingly and willfully; with the wrongful and deliberate intention on injuring Plaintiff and the Class members. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES acted with malice or in conscious disregard of Plaintiff's and the Class Member's rights. In addition to compensation; Plaintiff is also entitled to any penalties allowed by law.

96. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

///

CLASS ACTION COMPLAINT                    23

Exhibit A

Exhibit A

## THIRD CAUSE OF ACTION AGAINST WATKINS AND SHEPARD TRUCKING, INC. AND/OR DOES: Failure to Provide Meal Periods, or Compensation in Lieu Thereof (Lab. Code §§ 226.7, 512, IWC Wage Order No. 9-2001(11); Cal. Code Regs., tit. 8, § 11090)

97. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

98. Under California Labor Code section 512 and IWC Wage Order No. 9, no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes. During this meal periods of not less than thirty (30) minutes, the employee is to be completely free of the employer's control and must not perform any work for the employer. If the employee does perform work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. Also, the employee is to be compensated for any work performed during the thirty (30) minute meal period.

99. In addition, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with another meal period of less than thirty (30) minutes.

100. Under California Labor Code section 226.7, if the employer does not provide an employee a meal period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

101. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to its Non-Exempt Employees who worked for work periods of more than five (5) consecutive hours. As such, WATKINS AND SHEPARD TRUCKING, INC. and/or DOES non-exempt employees were required to work over five (5) consecutive hours at a time without being provided a thirty (30) minute uninterrupted meal period within that time.

102. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to its Non-Exempt Employees for every five (5) continuous hours worked.

CLASS ACTION COMPLAINT                    24

Exhibit A

Exhibit A

103. WATKINS AND SHEPARD TRUCKING, INC.'s and/or DOES' business model is such that Non-Exempt Employees were assigned too much work and insufficient help due to chronic understaffing to be able to take meal periods. Thus, Non-Exempt Employees are not able to take meal periods.

104. Throughout the statutory period, WATKINS AND SHEPARD TRUCKING, INC. and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, resulting in Plaintiff and those similarly situated not being able to take meal periods.

105. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES would not permit Plaintiff and the Class to take 30-minute meal periods unless specifically scheduled by DEFENDANTS and/or DOES or unless Plaintiff and the Class were expressly told to by DEFENDANTS and/or DOES. This routinely resulted in Plaintiff and the Class members not being able to take a meal period, if at all, until after the fifth hour.

106. WATKINS AND SHEPARD TRUCKING, INC.'S and/or DOES' business model was such that non-exempt employees were assigned too much work that could not reasonably be completed in their assigned shift, work, and/or route, resulting in non-exempt employees routinely and regularly being forced to eat their meals while driving and/or while working their routes.

107. Throughout the statutory period, WATKINS AND SHEPARD TRUCKING, INC. and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, resulting in Plaintiff and those similarly situated not stopping to take meal periods.

108. Throughout the statutory period, WATKINS AND SHEPARD TRUCKING, INC. and/or DOES had a pattern and practice of scheduling and assigning too much work to be completed in too short of time frames, resulting in WATKINS AND SHEPARD TRUCKING, INC. and/or DOES pressuring non-exempt employees to complete their routes and/or tasks within the rigorous time frames and not take meal breaks.

CLASS ACTION COMPLAINT                           25

Exhibit A

Exhibit A

109. Throughout the statutory period, WATKINS AND SHEPARD TRUCKING, INC. and/or DOES had a pattern and practice of scheduling routes and assigning too much work to be completed in too short of time frames, resulting in WATKINS AND SHEPARD TRUCKING, INC. and/or DOES discouraging non-exempt employees from taking meal periods.

110. Throughout the statutory period, WATKINS AND SHEPARD TRUCKING, INC. and/or DOES had a pattern and practice of scheduling routes and assigning too much work to be completed in too short of time frames, resulting in WATKINS AND SHEPARD TRUCKING, INC. and/or DOES impeding non-exempt employees from taking meal periods.

111. Throughout the statutory period, WATKINS AND SHEPARD TRUCKING, INC. and/or DOES valued productivity over providing meal periods and, because of this, meal breaks were not priorities to WATKINS AND SHEPARD TRUCKING, INC. and/or DOES.

112. Because of WATKINS AND SHEPARD TRUCKING, INC. and/or DOES demanding policies on route and/or completion times, Plaintiff and those similarly situated felt that breaking to exercise their rights to take meal periods would sacrifice their jobs with WATKINS AND SHEPARD TRUCKING, INC. and/or DOES.

113. Based on WATKINS AND SHEPARD TRUCKING, INC.'s and/or DOES' demanding route and/or task completion time policies, Plaintiff and those similarly situated routinely worked through their meal periods, which compromised the health and welfare of, not only Plaintiff and those similarly situated, but all members of the general public.

114. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES did not have a policy of providing a second meal period before the end of the tenth hour.

115. Failing to provide compensation for such unprovided or improperly provided meal periods, as alleged above, WATKINS AND SHEPARD TRUCKING, INC. and/or DOES willfully violated the provisions of Labor Code sections 226.7, 512, and IWC Wage Order No. 9.

116. As a result of the unlawful acts of WATKINS AND SHEPARD TRUCKING, INC. and/or

Exhibit A

Exhibit A

DOES, Plaintiff and the Class he seeks to represent have been deprived of premium wages, in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 226.7, and IWC Wage Order No. 9-2001. Plaintiff and the Class he seeks to represent did not willfully waive their right to take meal periods through mutual consent with WATKINS AND SHEPARD TRUCKING, INC. and/or DOES.

117. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**FOURTH CAUSE OF ACTION AGAINST WATKINS AND SHEPARD TRUCKING, INC. AND/OR DOES: Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 9-2001(12); Cal. Code Regs. Title 8 § 11090)**

118. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein, as if fully plead.

119. Under IWC Wage Order No. 9, every employer shall authorize and permit all employees to take rest periods, "[t]he authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof." IWC Wage Order 9-2001(12). The time spent on rest periods "shall be counted as hours worked for which there shall be no deduction from wages." *Id.*

120. Under California Labor Code section 226.7, if the employer does not provide an employee a rest period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

121. At all relevant times, DEFENDANTS and/or DOES failed to authorize and/or permit rest period time based upon the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

122. In the alternative, WATKINS AND SHEPARD TRUCKING, INC.'S and/or DOES' business model was such that non-exempt employees were assigned too much work that could not be reasonably completed within their assigned shift, work, and/or route, resulting

CLASS ACTION COMPLAINT                    27

Exhibit A

Exhibit A

in Non-Exempt Employees routinely and regularly being forced to work through their rest periods.

123.  Throughout the statutory period, WATKINS AND SHEPARD TRUCKING, INC. and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, resulting in Plaintiff and those similarly situated not breaking route to take rest periods.

124.  Because of WATKINS AND SHEPARD TRUCKING, INC.'S and/or DOES' demanding policies and/or task completion times, Plaintiff and those similarly situated felt that breaking to exercise their rights to take rest breaks would sacrifice their jobs with WATKINS AND SHEPARD TRUCKING, INC. and/or DOES.

125.  Throughout the statutory period, WATKINS AND SHEPARD TRUCKING, INC.'S and/or DOES' uniform policies and practices resulted in non-exempt employees not receiving rest breaks.

126.  Throughout the statutory period, WATKINS AND SHEPARD TRUCKING, INC. and/or DOES valued productivity over providing rest periods and, because of this, rest periods were not priorities to WATKINS AND SHEPARD TRUCKING, INC. and/or DOES.

127.  Throughout the statutory period, WATKINS AND SHEPARD TRUCKING, INC.'s and/or DOES' policies promoting productivity subjugated Plaintiff's and those similarly situated's rights to rest periods.

128.  Based on WATKINS AND SHEPARD TRUCKING, INC. and/or DOES demanding route and work policies, Plaintiff and those similarly situated routinely worked through their rest periods, which compromised the health and welfare of, not only Plaintiff and those similarly situated, but all members of the general public.

129.  As a result of the unlawful acts of WATKINS AND SHEPARD TRUCKING, INC. and/or DOES, Plaintiff and the Class he seeks to represent have been deprived of premium wages, in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section

Exhibit A

Exhibit A

226.7, and IWC Wage Order No. 9-2001.

130. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**FIFTH CAUSE OF ACTION AGAINST WATKINS AND SHEPARD TRUCKING, INC. AND/OR DOES: Failure to Provide Recovery Periods (Lab. Code § 226.7; Cal. Code Regs. Title 8 § 3395)**

131. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein, as if fully plead.

132. Under California Code of Regulations, Title 8, section 3395(d)(1), "[w]hen the outdoor temperature in the work area exceeds 80 degrees Fahrenheit, the employer shall have and maintain one or more areas with shade at all times while employees are present that are either open to the air or provided with ventilation or cooling." Cal. Code of Reg. Title 8, § 3395(d)(1). Furthermore, "[t]he amount of shade present shall be at least enough to accommodate the number of employees on recovery or rest periods, so that they can sit in a normal posture fully in the shade without having to be in physical contact with each other." *Id.*

133. "Employees shall be allowed and encouraged to take a preventative cool-down rest in the shade when they feel need to do so to protect themselves from overheating." Cal. Code of Reg. Title 8, § 3395(d)(3). "Such access to shade shall be permitted at all times." *Id.*

134. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES failed to permit access to shade and preventative cool down rest and/or recovery periods to Plaintiff and the Class members when the temperature reached eighty (80) degrees Fahrenheit. Specifically, Plaintiff and the Class members work in San Bernardino County during the summer and autumn months, when temperatures frequently exceed eighty (80) degrees Fahrenheit. However, DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC. and/or DOES do not allow and encourage Plaintiff and the Class members to take preventative cool-down rest recovery periods in shaded areas when the applicable temperatures are reached. Thus, DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC. and/or DOES failed to permit, allow, or encourage Plaintiff and the Class members to take preventative cool down

Exhibit A

Exhibit A

recovery periods in the shade to protect against overheating when the temperature exceeds eighty (80) degrees Fahrenheit.

135. DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC. and/or DOES failed to utilize any alternative procedures for providing access to shade or equivalent protection to Plaintiff and the Class members. DEFENDANTS WATKINS AND SHEPARD TRUCKING, INC. and/or DOES failed to implement other cooling measures in lieu of shade at least as effective as shade in allowing employees to cool.

136. Therefore, WATKINS AND SHEPARD TRUCKING, INC. and/or DOES failed to provide preventative cool down rest and/or recovery periods to Plaintiff and the Class members in accordance with California Code of Regulations, Title 8, section 3395.

137. As a result of the unlawful acts of WATKINS AND SHEPARD TRUCKING, INC. and/or DOES, Plaintiff and the Class he seeks to represent have been deprived of premium wages, in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 226.7.

138. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**SIXTH CAUSE OF ACTION AGAINST WATKINS AND SHEPARD TRUCKING, INC. and/or DOES: Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175; IWC Wage Order No. 9; Cal. Code Regs., Title 8, § 11040)**

139. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

140. Labor Code section 226 subdivision (a) requires DEFENDANTS and/or DOES to, inter alia, itemize in wage statements and accurately report the total hours worked and total wages earned. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES have knowingly and intentionally failed to comply with Labor Code section 226, subdivision (a), on each and every wage statement provided to Plaintiff ALLAN ORTEGA and members of the proposed Class.

CLASS ACTION COMPLAINT 30

Exhibit A

141. Labor Code section 1174 requires WATKINS AND SHEPARD TRUCKING, INC. and/or DOES to maintain and preserve, in a centralized location, records showing the daily hours worked by and the wages paid to its employees. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES have knowingly and intentionally failed to comply with Labor Code section 1174. The failure of WATKINS AND SHEPARD TRUCKING, INC. and/or DOES, and each of them, to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

142. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES failed to maintain accurate time records - as required by IWC Wage Order No. 9-2001(7), and Cal. Code Regs., Title 8 section 11090 - showing, among other things, when the employee begins and ends each work period, the total daily hours worked in itemized wage statements, total wages, bonuses and/or incentives earned, and all deductions made.

143. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES have knowingly and intentionally failed to provide Plaintiff and the Class members with accurate itemized wage statements which show: "(1) gross wages earned, (2) total hours worked by the employee, . . . (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee[.]" Labor Code section 226(a).

144. As a direct result of WATKINS AND SHEPARD TRUCKING, INC. and/or DOES unlawful acts, Plaintiff and the Class he intends to represent have been damaged and are

CLASS ACTION COMPLAINT                31

Exhibit A

entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, pursuant to Labor Code section 226.

145. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**SEVENTH CAUSE OF ACTION AGAINST WATKINS AND SHEPARD TRUCKING, INC. and/or DOES: Failure to Pay All Wages Due at the Time of Termination from Employment (Lab. Code §§ 201-203)**

146. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

147. Plaintiff ALLAN ORTEGA terminated his employment with WATKINS AND SHEPARD TRUCKING, INC. and/or DOES.

148. Whether Plaintiff ALLAN ORTEGA voluntarily or involuntarily terminated his employment with WATKINS AND SHEPARD TRUCKING, INC. and/or DOES, DEFENDANTS and/or DOES did not timely pay him straight time wages owed at the time of his termination.

149. Whether Plaintiff ALLAN ORTEGA voluntarily or involuntarily terminated his employment with WATKINS AND SHEPARD TRUCKING, INC. and/or DOES, DEFENDANTS and/or DOES did not timely pay him overtime wages owed at the time of his termination.

150. Whether Plaintiff ALLAN ORTEGA voluntarily or involuntarily terminated his employment with WATKINS AND SHEPARD TRUCKING, INC. and/or DOES, DEFENDANTS and/or DOES did not timely pay him meal and/or rest period premiums owed at the time of his termination.

151. Numerous members of the Class are no longer employed by WATKINS AND SHEPARD TRUCKING, INC. and/or DOES. They were either fired or quit WATKINS AND SHEPARD TRUCKING, INC. and/or DOES' employ. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES did not pay all timely wages owed at the time of their termination. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES did not pay all premium wages owed at the time of their termination.

Exhibit A

Exhibit A

152. Labor Code section 203 provides that, if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code sections 201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

153. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES failed to pay Plaintiff ALLAN ORTEGA a sum certain at the time of his termination or within seventy-two (72) hours of his resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of Labor Code section 203, Plaintiff ALLAN ORTEGA is entitled to a penalty in the amount of his daily wage, multiplied by thirty (30) days.

154. When Plaintiff and those members of the Class who are former employees of WATKINS AND SHEPARD TRUCKING, INC. and/or DOES separated from DEFENDANT'S and/or DOES' employ, DEFENDANTS and/or DOES willfully failed to pay all straight time wages, overtime wages, meal period premiums, and/or rest period premiums owed at the time of termination.

155. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES failure to pay said wages to Plaintiff ALLAN ORTEGA and members of the Class he seeks to represent, was willful in that WATKINS AND SHEPARD TRUCKING, INC. and/or DOES and each of them knew the wages to be due, but failed to pay them.

156. As a consequence of WATKINS AND SHEPARD TRUCKING, INC.'s and/or DOES' willful conduct in not paying wages owed at the time of separation from employment, Plaintiff ALLAN ORTEGA and members of the proposed Class are entitled to thirty (30) days' worth of wages as a penalty under Labor Code section 203, together with interest thereon and attorneys' fees and costs.

157. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

///

Exhibit A

Exhibit A

**EIGHTH CAUSE OF ACTION AGAINST WATKINS AND SHEPARD TRUCKING, INC. and/or DOES: Violation of Unfair Competition Law (California Bus. & Prof. Code, § 17200, et seq.)**

158.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

159.   WATKINS AND SHEPARD TRUCKING, INC. and/or DOES failure to pay all straight time and overtime wages earned, failure to provide compliant meal and/or rest breaks and/or compensation in lieu thereof, failure to itemize and keep accurate records, failure to pay all wages due at time of termination, as alleged herein, constitutes unlawful activity prohibited by California Business and Professions Code section 17200, et seq.

160.   The actions of WATKINS AND SHEPARD TRUCKING, INC. and/or DOES in failing to pay Plaintiff and members of the proposed Class in a lawful manner, as alleged herein, constitutes false, unfair, fraudulent and deceptive business practices, within the meaning of California Business and Professions Code section 17200, et seq.

161.   Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. Plaintiff brings this cause individually and as members of the general public actually harmed and as a representative of all others subject to WATKINS AND SHEPARD TRUCKING, INC. and/or DOES unlawful acts and practices.

162.   As a result of their unlawful acts, WATKINS AND SHEPARD TRUCKING, INC. and/or DOES have reaped and continue to reap unfair benefits at the expense of Plaintiff and the proposed Class he seeks to represent. WATKINS AND SHEPARD TRUCKING, INC. and/or DOES should be enjoined from this activity and made to disgorge these ill-gotten gains and restore Plaintiff and the members of the proposed Class pursuant to Business and Professions Code section 17203. Plaintiff is informed and believes, and thereon alleges, that DEFENDANTS and/or DOES are unjustly enriched through their policy of not all wages owed to Plaintiff and members of the proposed Class.

Exhibit A

Exhibit A

163. Plaintiff is informed and believes, and thereon alleges, that Plaintiff and members of the proposed class are prejudiced by WATKINS AND SHEPARD TRUCKING, INC.'s and/or DOES' unfair trade practices.

164. As a direct and proximate result of the unfair business practices of WATKINS AND SHEPARD TRUCKING, INC. and/or DOES, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages and premium pay which have been unlawfully withheld from Plaintiff and members of the proposed Class as a result of the business acts and practices described herein and enjoining WATKINS AND SHEPARD TRUCKING, INC. and/or DOES from engaging in the practices described herein.

165. The illegal conduct alleged herein is continuing, and there is no indication that WATKINS AND SHEPARD TRUCKING, INC. and/or DOES will cease and desist from such activity in the future. Plaintiff alleges that if WATKINS AND SHEPARD TRUCKING, INC. and/or DOES are not enjoined from the conduct set forth in this Complaint, they will continue the unlawful activity discussed herein.

166. Plaintiff further requests that the Court issue a preliminary and permanent injunction prohibiting WATKINS AND SHEPARD TRUCKING, INC. and/or DOES from continuing to not pay Plaintiff and the members of the proposed Class overtime wages as discussed herein.

167. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**NINTH CAUSE OF ACTION AGAINST WATKINS AND SHEPARD TRUCKING, INC. and/or DOES: Failure to Provide a Copy of Personnel Records Within 30 Days of Receiving Personnel File Requests from Employees (Labor Code §1198.5);**

168. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

169. California law provides that current and former employees, as a matter of right, are entitled to inspect and receive a copy of their personnel files and records. Pursuant to *Labor Code*

Exhibit A

Exhibit A

section 1198.5, upon a written request from a current or former employee, or a representative, the employer shall provide a copy of the personnel records not less than 30 calendar days from the date the employer receives the request.

170. Plaintiff submitted a written Personal File Request to WATKINS AND SHEPARD TRUCKING, INC. on July 2, 2018 via U.S. Mail. To date, Plaintiff has not received his personnel file from WATKINS AND SHEPARD TRUCKING, INC.

171. By failing to provide employees with personnel records within thirty (30) days of receiving an employee's personnel file request, WATKINS AND SHEPARD TRUCKING, INC. willfully violated the provisions of Labor Code section 1198.5.

172. Pursuant to California Labor Code section 1198.5(k), "[i]f an employer fails to permit a current or former employee, or his or her representative, to inspect or copy personnel records within the times specified in this section, or times agreed to by mutual agreement as provided in this section, the current or former employee or the Labor Commissioner may recover a penalty of seven hundred fifty dollars ($750) from the employer."

173. As a consequence of WATKINS AND SHEPARD TRUCKING, INC.'s and/or DOES' willful conduct in not providing a copy of personnel records within 30 days of the filing of a personnel records request, Plaintiff ALLAN ORTEGA and members of the proposed Class are entitled to seven hundred fifty dollars ($750) as a penalty under Labor Code section 1198.5, together with interest thereon and attorneys' fees and costs.

174. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. That the Court determine that this action may be maintained as a class action;

B. For compensatory damages, in an amount according to proof at trial, with interest thereon;

C. For economic and/or special damages in an amount according to proof with interest

Exhibit A

Exhibit A

thereon;

D. For unpaid straight time and overtime wages, in an amount according to proof at trial, with interest thereon;

E. For compensation for all time worked;

F. For compensation for not being provided paid rest breaks;

G. For compensation for not being provided paid meal periods;

H. For compensation for not being provided paid preventative cool down rest and/or recovery periods;

I. For damages and/or monies owed for failure to comply with itemized employee wage statement provisions;

J. For penalties owed for failure to provide a copy of personnel records within 30 days of receiving personnel requests from employees;

K. For all waiting time penalties owed;

L. That defendants be found to have engaged in unfair competition in violation of sections 17200 et seq. of the California Business and Professions Code;

M. That defendants be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully withheld wages pursuant to California Business and Professions Code sections 17203 and 17204;

N. That an order of specific performance of all penalties owed be issued under Business and Professions Code sections 17202;

O. That defendants be enjoined from continuing the illegal course of conduct, alleged herein;

P. That defendants further be enjoined to cease and desist from unfair competition in violation of section 17200 et seq. of the California Business and Professions Code;

Q. That defendants be enjoined from further acts of restraint of trade or unfair competition;

R. For attorneys' fees;

S. For interest accrued to date;

CLASS ACTION COMPLAINT                    37

Exhibit A

Exhibit A

T.  For costs of suit and expenses incurred herein; and

U.  For any such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

Dated:                                              THE TURLEY & MARA LAW FIRM, APLC

William Turley, Esq.
David Mara, Esq.
Jamie Serb, Esq.
Tony Roberts, Esq.
Alexandra Shipman, Esq.
Representing Plaintiff ALLAN ORTEGA
on behalf of himself, all others similarly situated,
and on behalf of the general public.

CLASS ACTION COMPLAINT                    38

Exhibit A